IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **KAWASAKI MOTORS FINANCE CORPORATION,**<br><br>    Plaintiff,<br><br>v.<br><br>**TIFTON CYCLES, INC., et al.,**<br><br>    Defendant. | Civil Action No. 7:12-CV-16 (HL) |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 40). Before deciding the motion, the Court requests that Plaintiff file supplementary information regarding the $27,831.42 alleged deficiency.

**I.   BACKGROUND**

On January 26, 2012, the Court issued Plaintiff Kawasaki Motors Finance Corporation ("KMFC") a Writ of Immediate Possession to repossess securitized collateral held by Defendant Tifton Cycle, Inc. ("TCI"). (Doc. 15). KMFC repossessed and sold the inventory. All of the Defendants were served with summons and the complaint, but none filed answers, leaving them all in default.

On September 6, 2012, KMFC filed a Motion for Default Judgment (Doc. 40), alleging that it is entitled to a default judgment of $27,831.42. (Doc. 40, p. 17). KMFC provided an affidavit signed by Susan McFaul, a senior collections supervisor for KMFC, stating that TCI owes KMFC $27,831.42, which purports to

be the amount still due KMFC after the inventory sale. (Doc. 40-3 - Affidavit of Susan McFaul). The question before the Court is whether a hearing on default damages is necessary.

## II.   ANALYSIS

Pursuant to Federal Rule of Civil Procedure 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount. . . ." Otherwise, Rule 55(b)(2) requires the party to apply for default judgment, after which the court may conduct hearings to determine damages.

A district court has discretion as to whether or not a default judgment should be entered. United States v. Holman, No. 3:10-CV-095, 2011 WL 2175033, at *1 (M.D. Ga. 2011). The court must ensure "that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. (*quoting* Tyco Fire & Security, LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007)). A hearing is not required when the record contains the necessary evidence regarding damages. Great American Ins. Co. v. Wayne Evans Auction Co. Inc., No. 4:12-CV-45, 2012 WL 2154245, at *1 (M.D. Ga. 2012). However, alleging a specific amount is not alone sufficient to show a "sum certain." Patray v. Northwest Pub., Inc., 931 F.Supp. 865, 869 (S.D. Ga. 1996). To avoid a hearing, the plaintiff must show that the amount claimed is a liquidated sum

capable of calculation. Huddleston v. Smith, No. 1:09-CV-03669, 2010 WL 1410556, at *2 (N.D.Ga. 2010).

KMFC alleges, through the affidavit of Susan McFaul, that TCI owes KMFC $27,831.42. KMFC fulfilled the affidavit requirement of Rule 55(b)(1) but did not provide evidence to show how this number was calculated. As noted above, specifying a damages sum does not automatically render it a "sum certain." The Court requests that KMFC provide supplementary information to demonstrate that the $27, 831.42 is, in fact, a calculable sum and exactly how that amount was reached. If, after reviewing the supplementary information, the Court determines that the requested default amount is a "sum certain," a default damages hearing will be unnecessary. KMFC is ordered to supplement its motion no later than October 26, 2012.

**SO ORDERED**, this 10th day of October, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**


EdG/mbh